FILED
U.S. DISTRICT COURT

2009 MAR 27 P 1:50

DIST... ...UTAH
BY: _____
DEPUTY CLERK

William O. Kimball #9460
2920 W. Directors Row
Salt Lake City, Utah 84104
Telephone: (801) 364-1063
Facsimile: (801) 974-3030

Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CC&H ENTERPRISES, INC., | **CIVIL COMPLAINT** |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. | Case: 2:09cv00272 |
| EMMETT WARREN, LLC, JOHN LISH, RYAN WILDE, and JOHN DOES 1-5. | Assigned To : Jenkins, Bruce S.<br>Assign. Date : 3/27/2009<br>Description: CC &H Enterprises v. Warren et al |
| Defendants. | |

Plaintiff, by and through counsel, hereby complains and alleges against Defendants as follows:

### INTRODUCTION

1. This case arises out of a fraudulent real estate transaction for a parcel of real property located in Eden, Utah ("Property").

2. Plaintiff CC&H Enterprises Inc. is a Delaware Corporation with its principal place of business located in Chino, CA 91710.

3. Upon information and belief, Defendant Emmett Warren, LLC is a Utah Corporation with its principal place of business located at 3497 S. Millhollow Circle, Salt Lake City, Utah 84106.

4. Upon information and belief, John Lish is a citizen and a resident of Utah.

5. Upon information and belief, Ryan Wilde is a citizen and a resident of Utah.

6. Plaintiff is unaware of the true names and capacities of the Defendants sued herein as Does I through V, inclusive and therefore sues these Defendants by such fictitious names. Plaintiff will amend its Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of these fictitiously named Defendants is responsible in some manner for the occurrences herein alleged and Plaintiff's damages as alleged herein were proximately caused by these fictitiously named Defendants' conduct.

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 as there exists complete diversity of citizenship and the amount in controversy exceeds $100,000 exclusive of interest and costs.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## **GENERAL ALLEGATIONS**

9. Phillip Oldridge and Emmett Warren, L.L.C. entered into a Real Estate Purchase Contract (REPC) on or about April 4, 2006.

10. Phillip Oldridge executed the Buyer's portion of the contract reserving the right to assign the Buyer's rights.

11. On or about May 8, 2006, via addendum 4, Phillip Oldridge assigned the Buyer's rights under the REPC to CC&H Enterprises, Inc.

12. Emmett Warren, L.L.C. via the signature of John Lish, agreed to sell 179 acres in Eden, Utah to CC&H Enterprises, Inc.

13. Upon information and belief, Emmett Warren, L.L.C. is a Utah LLC solely held by Ryan Wilde and John Lish.

14. Pursuant to the terms of the REPC, paragraph 10.1, "Seller represents that Seller has fee title to the Property and will convey good and marketable title to Buyer at Closing by general warranty deed."

15. At the time the REPC was executed, Emmett Warren, L.L.C. did not hold fee title to the Property. In fact Emmett Warren, L.L.C. nor Ryan Wilde or John Lish, held fee title to the Property.

16. After the parties entered into the REPC, the Buyer sought assurances regarding ownership of fee title.

17. Seller reassured Buyer that it had nothing to worry about and fee title would be conveyed at closing.

18. At some point prior to closing, Defendants informed Buyer that they did not have fee title to the Property and would not be able to perform on the real estate purchase contract and unilaterally withdrew from the REPC.

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
(Civil Conspiracy – All Defendants)

19.     Plaintiff hereby incorporates by reference the previously alleged paragraphs.

20.     Defendants conspired unlawfully to defraud Plaintiff by misrepresenting they had fee title to the Property to induce Plaintiff to enter into a REPC with Defendants.

21.     As a result of Defendants' unlawful conspiracy to defraud Plaintiff, Plaintiff has suffered damages in excess of $100,000, the specific amount to be proven at trial.

### SECOND CAUSE OF ACTION
(Fraud – All Defendants)

22.     Plaintiff hereby incorporates by reference the previously alleged paragraphs.

23.     As outlined above, Defendants made false representations of an existing material fact, including but not limited to their ownership of the Property and their ability to sell Plaintiff the Property.

24.     Defendants made these representations knowingly and recklessly for the purpose of inducing reliance thereon upon by Plaintiff.

25.     Plaintiff reasonably relied to its detriment on the false representations by Defendants.

26.     As a result of Defendants' fraudulent conduct, Plaintiff has suffered damages in excess of $100,000, the specific amount to be proven at trial.

### THIRD CAUSE OF ACTION
(Negligent Misrepresentation – All Defendants)

27.     Plaintiff hereby incorporates by reference the previously alleged paragraphs.

4

28. Defendants supplied false information to Plaintiff regarding their ability to sell the Property and the title they held to the Property.

29. Defendants supplied this information to Plaintiff knowing that Plaintiff would rely on that information.

30. Defendants reasonably and justifiably relied upon the information supplied by Defendants.

31. Defendants were negligent in that they failed to exercise reasonable care or competence in obtaining and communicating the information, or in ascertaining the truth or falsity of the information.

32. As a result of Defendants' negligent conduct, Plaintiff has suffered damages in excess of $100,000, the specific amount to be proven at trial.

## FOURTH CAUSE OF ACTION
### (Breach of Contract)

33. Plaintiff hereby incorporates by reference the previously alleged paragraphs.

34. Plaintiff and Defendants entered into a contract for purchase of 179 acres in Eden, Utah.

35. Within the bounds of the contract, Defendants represented that it had fee title to the Property and would sell the Property to Plaintiff.

36. Plaintiff was ready willing and able to purchase the Property, but Defendants refused to proceed with the transaction and unilaterally withdrew from the transaction and breached the REPC between the parties.

37. Defendants have still not conveyed the Property to Plaintiff.

38. Plaintiff complied with all of the terms of the REPC.

39. Defendant breached the REPC.

40. As a result of Defendant's breach, Plaintiff has incurred damaged in excess of $100,000.

### FIFTH CAUSE OF ACTION
### (Breach of Covenant of Good Faith and Fair Dealing)

41. Plaintiff hereby incorporates by reference the previously alleged paragraphs.

42. Defendants have a duty to act in good faith and deal fairly with the Plaintiff.

43. Defendants failed to fulfill this duty.

44. As a result of Defendants' breach of their duty of good faith and fair dealing, Plaintiff has sustained damages in an amount to be shown at the time of trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Award compensatory damages in an amount to be determined at trial;

2. Award punitive damages in an amount to be determined at trial;

3. Award Plaintiff contractual, pre and post judgment interest;

4. Award Plaintiff its reasonable costs and attorney fees; and

5. Award any further relief this Court deems just and proper.

## JURY TRIAL REQUEST

Plaintiff demands a jury on all claims so triable.

DATED this __27__ day of March, 2009.

_____
William O. Kimball