FILED
U.S. DISTRICT COURT

2009 JUL -7  A  11: 45

DISTRICT OF UTAH

BY:_____
_____

**L. Miles LeBaron (#8982)**
**Jacob D. Briggs (#12041)**
**LeBaron & Jensen, P.C.**
**476 West Heritage Park Blvd., Suite 200**
**Layton, Utah 84041**
**Telephone: (801) 773-9488**
**Facsimile: (801) 773-9489**

---

## IN THE UNITED STATES DISTRICT COURT
## IN AND FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

---

| | |
|---|---|
| **CC&H ENTERPRISES, INC.,** | **MEMORANDUM IN SUPPORT OF MOTION TO DISMISS** |
|     **Plaintiff,** | |
| **vs.** | |
| | |
| **EMMETT WARREN, LLC, JOHN LISH, RYAN WILDE, AND JOHN DOES 1-5,** | **Case No.  2:09cv00272** |
| | **Honorable Bruce S. Jenkins** |
|     **Defendants.** | |

---

    **Come Now** Defendants Emmett Warren, L.C., John Lish, and Ryan Wilde (hereinafter "Defendants"), by and through counsel, and pursuant to Rules 9 and 12(b)(6) of the Federal Rules of Civil Procedure, move to dismiss the Plaintiff's Complaint as set forth herein.

### PRELIMINARY STATEMENT

    This is a case where the Defendants were nearly duped by Still Standing Stable, LLC, the Seller of certain real property, Weber County

parcel number 23-006-0006, located in the city of Huntsville, Utah, which is more particularly described as: ALL OF LOTS 3, 4, 6, AND 7 OF SECTION 2, TOWNSHIP 5 NORTH, RANGE 2 EAST, SALT LAKE BASE & MERIDIAN, U.S. SURVEY (hereinafter referred to as "the Property").  Still Standing Stable, LLC (hereinafter "the Seller"), unbeknownst to the Defendants, had already litigated the issue of whether the Seller had access to the Property.  A history of this access litigation is further set forth in Still Standing Stable, L.L.C. v. Allen, 2005 UT 46, 122 P.3d 556 (Utah 2005).  A review of the Still Standing Stable case reveals that the Seller did not have access according to the trial court.  The Seller did not appeal the denial of access by the trial court.

In February 2006, Defendant Emmett Warren, L.C. entered into a Real Estate Purchase Contract (hereinafter "REPC") with the Seller in which one of the Seller's principals, Chuck Schvaneveldt, signed Seller Disclosures stating that the Seller had access to the Property, despite the fact that the Seller did not have access to the Property.  Relying on Mr. Schvaneveldt's misrepresentations, the Defendants marketed the Property to third parties, and almost immediately encountered the Plaintiff.  On or about April 4, 2006, Plaintiff and Defendant Emmett Warren, L.C. entered into a REPC with the Plaintiff, offering to sell the Property to the Plaintiff as soon as the Emmett Warren, L.C. had purchased the Property from Still Standing Stable,

2

LLC.  Emmett Warren, L.C. disclosed to Plaintiff's agent, Andrea Fleishon, that it was still waiting to close on the Property at the time the Plaintiff and Emmett Warren, L.C. entered into the REPC.  More importantly, as soon as Emmett Warren, L.C. found out that Still Standing Stable, LLC did not have access to the Property, it canceled the REPC with Plaintiff before the May 15, 2006 Due Diligence deadline, and well before the June 15, 2006 Settlement Deadline.  Most importantly, on May 12, 2006, before the Due Diligence deadline, Emmett Warren, L.C. returned the $100,000.00 earnest money Plaintiff had placed in escrow for the purchase.  Emmett Warren, L.C. did everything it could to put the Plaintiff back in the position Plaintiff was in before the REPC was signed.  The Plaintiff did not purchase the Property, and therefore suffered no actionable damages.  Moreover, after Emmett Warren, L.C. canceled the REPC with the Plaintiff, the Plaintiff could have pursued a purchase of the Property from Still Standing Stable, LLC, but Plaintiff did not do so.

The Complaint should be dismissed because it is deficient in that the fraud claim is not stated with sufficient particularity.  Neither the fraud claim nor the negligent misrepresentation claim point out any misrepresentation made by Ryan Wilde, nor does the civil conspiracy claim state with any particularity any wrongdoing by Ryan Wilde.  The contract claims are between Emmett Warren, L.C. and the Plaintiff.  Accordingly, the Plaintiff's

3

fraud claim and civil conspiracy claim should be dismissed for lack of particularity, and any claim against Ryan Wilde should be dismissed because no actionable claim is alleged against Ryan Wilde at all in the Complaint.

## STATEMENT OF FACTS

1. The Complaint alleges that Emmett Warren, L.C. is a Utah corporation.  (See Complaint attached as Ex. A at page 2, ¶ 3).

2. The Complaint alleges that Emmett Warren, L.C. entered into a REPC with the Plaintiff.  (See Ex. A at page 3, ¶ 12).

3. The Complaint does not allege that John Lish or Ryan Wilde entered into a REPC with the Plaintiff.  (See Ex. A).

4. The Complaint alleges that "Seller represents that Seller has fee title to the Property and will convey good and marketable title to Buyer at Closing by general warranty deed."  (See Ex. A at page 3, ¶ 14).

5. The Complaint does not allege that Ryan Wilde or John Lish made any representations to Plaintiff.  (See Ex. A).

6. The Complaint alleges that the Buyer (Plaintiff) sought assurances regarding ownership of fee title after the parties entered into the REPC.  (See Ex. A at page 3, ¶ 16).

7. The Complaint alleges that Seller (Emmett Warren, L.C.) reassured Buyer that it had nothing to worry about and fee title would be conveyed at closing.  (See Ex. A at page 3, ¶ 17).

4

8. The Complaint does not allege that John Lish or Ryan Wilde made any assurances to Buyer. (See Ex. A).

9. The Complaint does not allege the time, place, or content of any misrepresentation that John Lish or Ryan Wilde allegedly made to the Plaintiff. (See Ex. A).

10. The Complaint alleges that at some point prior to closing, Defendants informed Buyer that they did not have fee title to the Property and would not be able to perform on the real estate purchase contract and unilaterally withdrew from the REPC. (See Ex. A at page 3, ¶ 18).

11. The Complaint does not allege specifically that Ryan Wilde or John Lish breached the terms of the REPC. (See Ex. A).

## ARGUMENT

### 1. STANDARD FOR REVIEW.

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah Sch. for the Deaf and Blind,* 173 F.3d 1226, 1236 (10th Cir. 1999) (quoting *Miller v. Glanz,* 948 F.2d 1562, 1565 (10th Cir.1991)). The court must accept all well-pleaded facts as true, construe those facts liberally in a light most favorable to the plaintiff, and "resolve all reasonable inferences in plaintiff's favor." *Seamons*

*v. Snow,* 84 F.3d 1226, 1232 (10th Cir. 1996). However, conclusory

allegations without supporting factual averments need not be accepted.

*Tonkovich v. Kansas Bd. of Regents,* 159 F.3d 504, 510 (10th Cir. 1998);

*Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

This Rule 12(b)(6) analysis is supplemented by Rule 9(b) in the case

of a fraud claim. Rule 9(b) of the Federal Rules of Civil Procedure provides

as follows: "In alleging fraud or mistake, a party must state with

particularity the circumstances constituting fraud . . . ." F.R.C.P. Rule 9.

> Rule 9(b), Fed. R. Civ. P., requires "in all averments of fraud or
> mistake, the circumstances constituting fraud or mistake shall be
> stated with particularity." To allege a viable claim for fraud,
> plaintiffs must "**_set forth in specific terms the time, place,_
> _content, and manner of each defendant's alleged material_
> _misrepresentations or otherwise fraudulent conduct_**."
> *Cook v. Zions First Nat'l Bank*, 645 F.Supp. 423, 424-425 (D.
> Utah 1986).

*Worldwide Mach., Inc. v. Wall Mach., Inc.*, 2006 U.S. Dist. LEXIS 66432 (D.

Utah Sept. 12, 2006) (emphasis added).

## 2. THE FRAUD CLAIM SHOULD BE DISMISSED FOR LACK OF PARTICULARITY.

As the *Worldwide Mach., Inc.* Court set forth, for a fraud claim to be

viable, it must set forth in specific terms the time, place, content, and

manner of each defendant's alleged material misrepresentations. The

Complaint in this case is devoid of any specific time, place, content, and

manner of any misrepresentation.  Accordingly, the fraud claim should be dismissed.

Moreover, to properly state a fraud claim against these Defendants, the Plaintiff cannot simply recite the elements of fraud in the Complaint, but must support the recitation of the elements of fraud with the surrounding facts and circumstances that constitute the fraud.

> The elements that a party must allege "to bring a claim sounding in fraud" are (1) that a representation was made (2) concerning a presently existing material fact (3) which was false and (4) which the representor either (a) knew to be false or (b) made recklessly, knowing that there was insufficient knowledge upon which to base such a representation, (5) for the purpose of inducing the other party to act upon it and (6) that the other party, acting reasonably and in ignorance of its falsity, (7) did in fact rely upon it (8) and was thereby induced to act (9) to that party's injury and damage. *Gold Standard, Inc. v. Getty Oil Co.*, 915 P.2d 1060, 1066-67 (Utah 1996) (citations omitted); *Educators Mut. Ins. Ass'n. v. Allied Prop. & Cas. Ins. Co.*, 890 P.2d 1029, 1032 (Utah 1995); *accord Crookston v. Fire Ins. Exch.*, 817 P.2d 789, 800 (Utah 1991). However, the mere recitation by a plaintiff of the elements of fraud in a complaint does not satisfy the particularity requirement.  In other fraud cases, "'we have stressed, and continue to hold, that mere conclusory allegations in a pleading, unsupported by a recitation of relevant surrounding facts, are insufficient to preclude . . . summary judgment.'" *Franco v. Church of Jesus Christ of Latter-day Saints*, 2001 UT 25, P 36, 21 P.3d 198 (*quoting Chapman v. Primary Children's Hosp.*, 784 P.2d 1181, 1186 (Utah 1989)). **The relevant surrounding facts "'must be set forth with sufficient particularity to show what facts are claimed to constitute such charges.'"** *Williams v. State Farm Ins. Co.*, 656 P.2d 966, 971 (Utah 1982) (*quoting Heathman v. Hatch*, 13 Utah 2d 266, 268, 372 P.2d 990, 991 (1962)).

*Armed Forces Ins. Exch. v. Harrison*, 2003 UT 14, P16 (Utah 2003)

(emphasis added). The Plaintiff's fraud claim in the Complaint consists of a

vanilla recitation of the elements of fraud, with no relevant surrounding facts

set forth with sufficient particularity for the fraud claim to withstand

dismissal. In addition to the lack of allegations of specific time, place,

content and manner regarding the alleged statements made by Defendants,

the Complaint contains no specific facts with respect to reasonable reliance

on the Plaintiff's part or the damages that Plaintiff allegedly suffered. The

fraud claim should be dismissed.

### 3. THE CIVIL CONSPIRACY CLAIM SHOULD BE DISMISSED.

> In order to maintain a claim for civil conspiracy, [Plaintiff] must
> allege (1) a combination of two or more persons; (2) an object
> to be accomplished; (3) a meeting of the minds on the object or
> course of actions; (4) one or more unlawful, overt acts; and (5)
> damages as a proximate result thereof. Israel Pagan Estate v.
> Cannon, 746 P.2d 785 (Utah App. 1987). The problematic
> element is number (4), one or more unlawful acts.
>
> *Tremelling v. Ogio Int'l*, 919 F. Supp. 392, 395-396 (D. Utah 1996).

In this case, Plaintiff has alleged that Defendants "conspired unlawfully

to defraud Plaintiff by misrepresenting they had fee title to the Property to

induce Plaintiff to enter into a REPC with Defendants." (See Complaint

attached as Ex. B, page 4, ¶ 20). The problematic elements for Plaintiff to

prove in this case are number (4), unlawful acts, and number (5), damages.

In this case, the unlawful act alleged to have been committed by Defendants

8

was a conspiracy to defraud. In Utah, to maintain a conspiracy to defraud

claim, a Plaintiff must also maintain the underlying fraud claim.

> [C]onspiracy to defraud requires proof of the underlying fraud.
> *See DeBry v. Cascade Enters.*, 879 P.2d 1353 (Utah 1994) ("A
> conspiracy to defraud ***is fraud committed*** by two or more
> persons who share an intent to defraud another." (emphasis
> added)). However, the Gildeas make no attempt in their brief to
> show that the elements of fraud have been satisfied. Moreover,
> they do not appeal the dismissal of their original fraud claim for
> failure to plead sufficient facts. In view of the above, it is clear
> that the conspiracy to defraud claim cannot stand.

*Gildea v. Guardian Title Co.*, 970 P.2d 1265, 1271 (Utah 1998). Here, if the

underlying fraud claim is dismissed for lack of particularity, the conspiracy to

defraud should also be dismissed.

Finally, just as with the fraud claim, the Complaint does not allege

damages on the Plaintiff's part except for a conclusory statement that

Plaintiff suffered damages. Where one of the elements of fraud, negligent

misrepresentation, and conspiracy is damages, unless the Plaintiff can

actually formulate how it was damaged by any of Defendants' alleged acts,

those tort claims should be dismissed.

## 4. ALL CLAIMS AGAINST RYAN WILDE SHOULD BE DISMISSED.

The Complaint is devoid of any allegations specific to any claim against

Ryan Wilde except for allegations including Ryan Wilde as one of the

Defendants. All claims should be dismissed as to Ryan Wilde.

9

### 5. AS A MATTER OF CLARIFICATION, THE CONTRACT CLAIMS SHOULD ONLY BE AGAINST DEFENDANT EMMETT WARREN, L.C.

Initially, the Complaint alleges that Phillip Oldridge and Emmett Warren, L.C. entered into the REPC, right after alleging that Emmett Warren, L.C. is a Utah corporation.  (See Ex. A at page 2, ¶ 9).  The Complaint also alleges that Emmett Warren, L.C. agreed to sell 179 acres to Plaintiff.  (See Ex. A at page 3, ¶ 12).  Nowhere does the Complaint allege that John Lish or Ryan Wilde were ever parties to the REPC, until page 5, at ¶ 34, where the Complaint becomes inconsistent, stating that "Plaintiff and Defendants entered into a contract for purchase of 179 acres in Eden, Utah."  (See Ex. A at page 5, ¶ 34).  Thereafter, the Complaint alleges that "Defendant" breached the REPC.  (See Ex. A at page 6, ¶ 39).  The only allegation stating that any person in addition to Emmett Warren, L.C. entered into the REPC is a conclusory statement that is inconsistent with the rest of the Complaint. Accordingly, as a matter of clarification, Defendants ask the Court to conclude as a matter of law that the only Defendant who entered into the REPC, and therefore the only Defendant who could breach the terms of the REPC or the underlying covenant of good faith and fair dealing is Emmett Warren, L.C.

### CONCLUSION

Defendants respectfully request that this Court dismiss the fraud claim for lack of particularity, all claims for lack of anything but a conclusory

10

statement as to damages, all claims as against Ryan Wilde, and clarify the Complaint, concluding as a matter of law that the contract claims can only be brought against Emmett Warren, L.C.

**DATED and SIGNED this _____ day of July 2009.**

**LEBARON & JENSEN, P.C.**

**L. Miles LeBaron**
**Attorney for Defendants**

11

## **CERTIFICATE OF MAILING**

I hereby certify that on this ___2___ day of July 2009, a true and correct copy of the foregoing was mailed by U.S. First Class mail to the following:

William O. Kimball
2920 Directors Row
Salt Lake City, Utah 84104

# EXHIBIT A

FILED IN UNITED STATES DISTRICT
COURT, DISTRICT OF UTAH

MAR 27 2009

D. MARK JONES, CLERK
BY_____
        DEPUTY CLERK

William O. Kimball #9460
2920 W. Directors Row
Salt Lake City, Utah 84104
Telephone: (801) 364-1063
Facsimile: (801) 974-3030

Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CC&H ENTERPRISES, INC., <br><br> Plaintiff, <br><br> v. <br><br> EMMETT WARREN, LLC, JOHN LISH, RYAN WILDE, and JOHN DOES 1-5. <br><br> Defendants. | **CIVIL COMPLAINT** <br><br> **JURY TRIAL DEMANDED** <br><br> Case: 2:09cv00272 <br> Assigned To : Jenkins, Bruce S. <br> Assign. Date : 3/27/2009 <br> Description: CC &H Enterprises v. Warren et al |

Plaintiff, by and through counsel, hereby complains and alleges against Defendants as follows:

### INTRODUCTION

1.    This case arises out of a fraudulent real estate transaction for a parcel of real property located in Eden, Utah ("Property").

2.    Plaintiff CC&H Enterprises Inc. is a Delaware Corporation with its principal place of business located in Chino, CA 91710.

3.     Upon information and belief, Defendant Emmett Warren, LLC is a Utah Corporation with its principal place of business located at 3497 S. Millhollow Circle, Salt Lake City, Utah 84106.

4.     Upon information and belief, John Lish is a citizen and a resident of Utah.

5.     Upon information and belief, Ryan Wilde is a citizen and a resident of Utah.

6.     Plaintiff is unaware of the true names and capacities of the Defendants sued herein as Does I through V, inclusive and therefore sues these Defendants by such fictitious names. Plaintiff will amend its Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of these fictitiously named Defendants is responsible in some manner for the occurrences herein alleged and Plaintiff's damages as alleged herein were proximately caused by these fictitiously named Defendants' conduct.

7.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 as there exists complete diversity of citizenship and the amount in controversy exceeds $100,000 exclusive of interest and costs.

8.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

### GENERAL ALLEGATIONS

9.     Phillip Oldridge and Emmett Warren, L.L.C. entered into a Real Estate Purchase Contract (REPC) on or about April 4, 2006.

10.    Phillip Oldridge executed the Buyer's portion of the contract reserving the right to assign the Buyer's rights.

2

11.     On or about May 8, 2006, via addendum 4, Phillip Oldridge assigned the Buyer's rights under the REPC to CC&H Enterprises, Inc.

12.     Emmett Warren, L.L.C. via the signature of John Lish, agreed to sell 179 acres in Eden, Utah to CC&H Enterprises, Inc.

13.     Upon information and belief, Emmett Warren, L.L.C. is a Utah LLC solely held by Ryan Wilde and John Lish.

14.     Pursuant to the terms of the REPC, paragraph 10.1, "Seller represents that Seller has fee title to the Property and will convey good and marketable title to Buyer at Closing by general warranty deed."

15.     At the time the REPC was executed, Emmett Warren, L.L.C. did not hold fee title to the Property. In fact Emmett Warren, L.L.C. nor Ryan Wilde or John Lish, held fee title to the Property.

16.     After the parties entered into the REPC, the Buyer sought assurances regarding ownership of fee title.

17.     Seller reassured Buyer that it had nothing to worry about and fee title would be conveyed at closing.

18.     At some point prior to closing, Defendants informed Buyer that they did not have fee title to the Property and would not be able to perform on the real estate purchase contract and unilaterally withdrew from the REPC.

3

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
**(Civil Conspiracy – All Defendants)**

19.    Plaintiff hereby incorporates by reference the previously alleged paragraphs.

20.    Defendants conspired unlawfully to defraud Plaintiff by misrepresenting they had fee title to the Property to induce Plaintiff to enter into a REPC with Defendants.

21.    As a result of Defendants' unlawful conspiracy to defraud Plaintiff, Plaintiff has suffered damages in excess of $100,000, the specific amount to be proven at trial.

### SECOND CAUSE OF ACTION
**(Fraud – All Defendants)**

22.    Plaintiff hereby incorporates by reference the previously alleged paragraphs.

23.    As outlined above, Defendants made false representations of an existing material fact, including but not limited to their ownership of the Property and their ability to sell Plaintiff the Property.

24.    Defendants made these representations knowingly and recklessly for the purpose of inducing reliance thereon upon by Plaintiff.

25.    Plaintiff reasonably relied to its detriment on the false representations by Defendants.

26.    As a result of Defendants' fraudulent conduct, Plaintiff has suffered damages in excess of $100,000, the specific amount to be proven at trial.

### THIRD CAUSE OF ACTION
**(Negligent Misrepresentation – All Defendants)**

27.    Plaintiff hereby incorporates by reference the previously alleged paragraphs.

4

28.    Defendants supplied false information to Plaintiff regarding their ability to sell the Property and the title they held to the Property.

29.    Defendants supplied this information to Plaintiff knowing that Plaintiff would rely on that information.

30.    Defendants reasonably and justifiably relied upon the information supplied by Defendants.

31.    Defendants were negligent in that they failed to exercise reasonable care or competence in obtaining and communicating the information, or in ascertaining the truth or falsity of the information.

32.    As a result of Defendants' negligent conduct, Plaintiff has suffered damages in excess of $100,000, the specific amount to be proven at trial.

## FOURTH CAUSE OF ACTION
### (Breach of Contract)

33.    Plaintiff hereby incorporates by reference the previously alleged paragraphs.

34.    Plaintiff and Defendants entered into a contract for purchase of 179 acres in Eden, Utah.

35.    Within the bounds of the contract, Defendants represented that it had fee title to the Property and would sell the Property to Plaintiff.

36.    Plaintiff was ready willing and able to purchase the Property, but Defendants refused to proceed with the transaction and unilaterally withdrew from the transaction and breached the REPC between the parties.

37.    Defendants have still not conveyed the Property to Plaintiff.

5

38.    Plaintiff complied with all of the terms of the REPC.

39.    Defendant breached the REPC.

40.    As a result of Defendant's breach, Plaintiff has incurred damaged in excess of

$100,000.

**FIFTH CAUSE OF ACTION**
**(Breach of Covenant of Good Faith and Fair Dealing)**

41.    Plaintiff hereby incorporates by reference the previously alleged paragraphs.

42.    Defendants have a duty to act in good faith and deal fairly with the Plaintiff.

43.    Defendants failed to fulfill this duty.

44.    As a result of Defendants' breach of their duty of good faith and fair

dealing, Plaintiff has sustained damages in an amount to be shown at the time of trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

1.    Award compensatory damages in an amount to be determined at trial;

2.    Award punitive damages in an amount to be determined at trial;

3.    Award Plaintiff contractual, pre and post judgment interest;

4.    Award Plaintiff its reasonable costs and attorney fees; and

5.    Award any further relief this Court deems just and proper.

6

## JURY TRIAL REQUEST

Plaintiff demands a jury on all claims so triable.


DATED this  27  day of March, 2009.

_____
William O. Kimball

7