William O. Kimball #9460
2920 W. Directors Row
Salt Lake City, Utah 84104
Telephone: (801) 364-1063
Facsimile: (801) 974-3030

Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CC&H ENTERPRISES, INC., <br><br> Plaintiff, <br><br> v. <br><br> EMMETT WARREN, LLC, JOHN LISH, RYAN WILDE, and JOHN DOES 1-5. <br><br> Defendants. | **AMENDED CIVIL COMPLAINT** <br><br> **JURY TRIAL DEMANDED** <br><br> Case No. 2:09cv00272 <br><br> Judge Bruce S. Jenkins |

Plaintiff, by and through counsel, hereby complains and alleges against Defendants as follows:

### INTRODUCTION

1.      This case arises out of a fraudulent real estate transaction for a parcel of real property located in Eden, Utah ("Property").

2.      Plaintiff CC&H Enterprises Inc. is a Delaware Corporation with its principal place of business located in Chino, CA 91710.

3.      Upon information and belief, Defendant Emmett Warren, LLC is a Utah Corporation with its principal place of business located at 3497 S. Millhollow Circle, Salt Lake City, Utah 84106.

4.      Upon information and belief, John Lish is a citizen and a resident of Utah.

5.      Upon information and belief, Ryan Wilde is a citizen and a resident of Utah.

6.      Plaintiff is unaware of the true names and capacities of the Defendants sued herein as Does I through V, inclusive and therefore sues these Defendants by such fictitious names.  Plaintiff will amend its Complaint to allege their true names and capacities when ascertained.  Plaintiff is informed and believes and thereon alleges that each of these fictitiously named Defendants is responsible in some manner for the occurrences herein alleged and Plaintiff's damages as alleged herein were proximately caused by these fictitiously named Defendants' conduct.

7.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 as there exists complete diversity of citizenship and the amount in controversy exceeds $100,000 exclusive of interest and costs.

8.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

### GENERAL ALLEGATIONS

9.      Phillip Oldridge and Emmett Warren, L.L.C. entered into a Real Estate Purchase Contract (REPC) on or about April 4, 2006.

10.     Phillip Oldridge executed the Buyer's portion of the contract reserving the right to assign the Buyer's rights.

11.     On or about May 8, 2006, via addendum 4, Phillip Oldridge assigned the Buyer's rights under the REPC to CC&H Enterprises, Inc.

12.     Emmett Warren, L.L.C. via the signature of John Lish on April 4, 2006, agreed to sell 179 acres in Eden, Utah to CC&H Enterprises, Inc.

13.     The representation made by John Lish on April 4, 2006, as an agent for Emmett Warren, L.L.C., was false and materially misleading as Emmett Warren, L.L.C. did not own fee title to the Subject Property.

14.     The specific misrepresentation made by Mr. Lish was the following: "Seller represents that Seller has fee title to the Property and will convey good and marketable title to Buyer at Closing by general warranty deed."

15.     On April 4, 2006, when the REPC was executed, Emmett Warren, L.L.C. did not hold fee title to the Property.  In fact Emmett Warren, L.L.C. nor Ryan Wilde or John Lish, held fee title to the Property.

16.     Plaintiff relied on the false representation made by Mr. Lish and entered into a real estate purchase contract and gave Defendants $100,000 in earnest money.

17.     Plaintiff further relied on the false representation made by Mr. Lish and went out and procured another buyer for the Subject Property.

18.     In reliance on the false representations made by Defendants Plaintiff procured a letter of intent to sell the Subject Property to a third party.

19.     Mr. Wilde also made false representations regarding the Subject Property.

20.     On or about March 28, 2006, Mr. Wilde personally executed a For Sale By Owner Commission Agreement regarding the Subject Property.

21.     In the For Sale By Owner Commission Agreement Mr. Wilde misrepresented that "The Seller warrants that is has marketable title and an established right to sell, lease, or exchange the Property."

22.     In reality, Mr. Wilde did not have marketable title to the Subject Property.

23.     When Mr. Wilde communicated with the Buyer and Buyer's agents that he had title to the Subject Property.  Mr. Wilde also represented that he had fee title to the Subject Property to third parties.

24.     These communications took place from March 2006 until May 2006 wherein Mr. Wilde and Mr. Lish tried to back out of the contract because they did not acquire fee title to the Subject Property.

25.     These representations were made before the REPC was signed on April 4, 2006 and after that specific date.

26.     In Mr. Wilde's deposition he admitted that he made representations of ownership to the Buyers in this case.

27.     Upon information and belief, Emmett Warren, L.L.C. is a Utah LLC solely held by Ryan Wilde and John Lish.

28.     After the parties entered into the REPC, the Buyer sought assurances regarding ownership of fee title.

29.     Seller, through Mr. Wilde, made false statements that they would convey via warranty deed fee title to the Subject Property.

30.     At some point prior to closing, Defendants informed Buyer that they did not have

fee title to the Property and would not be able to perform on the real estate purchase contract and

unilaterally withdrew from the REPC.

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
**(Civil Conspiracy – All Defendants**)

31.     Plaintiff hereby incorporates by reference the previously alleged paragraphs.

32.     Defendants conspired unlawfully to defraud Plaintiff by misrepresenting they had

fee title to the Property to induce Plaintiff to enter into a REPC with Defendants.

33.     Plaintiff relied on the misrepresentation of Defendants and entered into a real

estate purchase contract and put money down on the Subject Property.

34.     As a result of Defendants' unlawful conspiracy to defraud Plaintiff, Plaintiff has

suffered damages in excess of $100,000, the specific amount to be proven at trial.

### SECOND CAUSE OF ACTION
**(Fraud – All Defendants**)

35.     Plaintiff hereby incorporates by reference the previously alleged paragraphs.

36.     As outlined above, Defendants Ryan Wilde and John Lish made false

representations of an existing material fact, including but not limited to their ownership of the

Property and their ability to sell Plaintiff the Property.

37.     Mr. Lish made his false statement as a representative of Emmett Warren.

38.     Mr. Wilde made representations personally and on behalf of Emmett Warren.

39.     Both Ryan Wilde and John Lish made material misrepresentations in writing that

they or their entity owned the Subject Property.

5

40.    John Lish made this false misrepresentation in the Real Estate Purchase Contract between Philip Oldridge and Emmett Warren on April 4, 2006.

41.    The specific misrepresentation made by Mr. Lish was the following: "Seller represents that Seller has fee title to the Property and will convey good and marketable title to Buyer at Closing by general warranty deed."

42.    On April 4, 2006, when the REPC was executed, Emmett Warren, L.L.C. did not hold fee title to the Property.  In fact Emmett Warren, L.L.C. nor Ryan Wilde or John Lish held fee title to the Property.

43.    Mr. Lish's deposition reads as follows:

Q.    (By Mr. Fuller)  Okay.  If it's brought up as this
       case progresses, if it's brought up by any party who says - - who
       points to this seller warranty on page 156, where it says seller
       represents that seller has fee title to the property, somebody
       pounds on that paragraph and says that is a - - that is a false
       statement, would you agree it's a false statement?
A.    (By John Lish)  I agree it's a false statement, with no context.


(Deposition of John Lish, dated November 24, 2008).

44.    On or about March 28, 2006, Mr. Wilde personally executed a For Sale By Owner Commission Agreement regarding the Subject Property.

45.    In the For Sale By Owner Commission Agreement Mr. Wilde misrepresented that "The Seller warrants that he has marketable title and an established right to sell, lease, or exchange the Property."

6

46.     In reality, Mr. Wilde nor did his entity have marketable title to the Subject

Property.

47.     When Mr. Wilde communicated with the Buyer and Buyer's agents he

misrepresented that he or his entity had fee title to the Subject Property.

48.     These communications took place from approximately March 2006 until May

2006.

49.     Mr. Wilde testified in his deposition that he had communication with a

representative of the Plaintiff before the Real Estate Purchase Contract was signed on April 4,

2006 and throughout the contract process.

50.     Defendants John Lish and Ryan Wilde made the above representations knowingly

and recklessly for the purpose of inducing reliance thereon upon by Plaintiff.

51.     Plaintiff reasonably relied to its detriment on the false representations by

Defendants and entered into a real estate purchase contract and put $100,000 down on the

Subject Property.

52.     Plaintiff then went through marketing efforts to secure a buyer for the Subject

Property.  At some point after Plaintiff had the Subject Property under contract the third party

presented a letter of intent to Plaintiff to purchase the Subject Property.

53.     Pursuant to the Letter of Intent Plaintiff was going to make over 2 million dollars

in profits from the deal.

54.     Defendants' breach of contract caused Plaintiff to lose the profits that would have

resulted from the sale of the Subject Property to a third party.

55.     The real estate purchase contract also provides for possible damages in the amount of $100,000 if Plaintiff so opts.

56.     As a result of Defendants' fraudulent conduct, Plaintiff has suffered damages in excess of $100,000, the specific amount in the contract is $100,000.  However, based on the letter of intent, Plaintiff incurred damages of at least two million dollars.  In addition, Plaintiff has incurred attorney fees to prosecute this action.  Such fees should also be awarded as required by the contract.

### THIRD CAUSE OF ACTION
**(Negligent Misrepresentation – All Defendants)**

57.     Plaintiff hereby incorporates by reference the previously alleged paragraphs.

58.     Defendants supplied false information to Plaintiff regarding their ability to sell the Property and the title they held to the Property.

59.     Defendants supplied this information to Plaintiff knowing that Plaintiff would rely on that information.

60.     Defendants reasonably and justifiably relied upon the information supplied by Defendants.

61.     Defendants were negligent in that they failed to exercise reasonable care or competence in obtaining and communicating the information, or in ascertaining the truth or falsity of the information.

62.     As a result of Defendants' negligent conduct, Plaintiff has suffered damages in excess of $100,000, the specific amount to be proven at trial.

8

## FOURTH CAUSE OF ACTION
### (Breach of Contract)

63.      Plaintiff hereby incorporates by reference the previously alleged paragraphs.

64.      Plaintiff and Defendants entered into a contract for purchase of 179 acres in Eden,

Utah.

65.      The contract was in the name of Emmett Warren, however, this name was simply

used as guise for Defendants' fraudulent conduct.

66.      In addition, upon information and belief, the corporate formalities required under

Utah law have not been observed.

67.      Therefore, the corporate veil should not apply to Emmett Warren entity in this

case.

68.      In reality Defendants Ryan Wilde and John Lish perpetrated the fraud and John

Lish personally executed the Real Estate Purchase Contract and not the designated entity.

69.      In addition, Ryan Wilde signed the fraudulent disclosures personally.

70.      Within the bounds of the contract, Defendants represented that they had fee title

to the Property and would sell the Property to Plaintiff.

71.      Plaintiff was ready willing and able to purchase the Property, but Defendants

refused to proceed with the transaction and unilaterally withdrew from the transaction and

breached the REPC between the parties.

72.      Defendants have still not conveyed the Property to Plaintiff.

73.      Plaintiff complied with all of the terms of the REPC.

74.      Defendants breached the REPC.

75.    As a result of Defendants' breach, Plaintiff has incurred damaged in excess of $100,000.

## FIFTH CAUSE OF ACTION
### (Breach of Covenant of Good Faith and Fair Dealing)

76.    Plaintiff hereby incorporates by reference the previously alleged paragraphs.

77.    Defendants have a duty to act in good faith and deal fairly with the Plaintiff.

78.    Defendants failed to fulfill this duty.

79.    As a result of Defendants' breach of their duty of good faith and fair dealing, Plaintiff has sustained damages in an amount to be shown at the time of trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1.    Award compensatory damages in an amount to be determined at trial;

2.    Award punitive damages in an amount to be determined at trial;

3.    Award Plaintiff contractual, pre and post judgment interest;

4.    Award Plaintiff its reasonable costs and attorney fees; and

5.    Award any further relief this Court deems just and proper.

## JURY TRIAL REQUEST

Plaintiff demands a jury on all claims so triable.

DATED this 1st day of October, 2009.

/S/William O. Kimball
William O. Kimball

10

## <u>CERTIFICATE OF MAILING CERTIFICATE</u>

I HEREBY CERTIFY that on this 1st of October, 2009, I served a true and correct copy

of the foregoing **AMENDED CIVIL COMPLAINT JURY TRIAL DEMANDED**, upon each

of the following individuals by causing the same to be delivered by the method and to the

addresses indicated below:


L. Miles LeBaron                                    ____ U.S. Mail, postage prepaid
Lebaron & Jensen, P.C.                              ____ Hand-Delivered
476 West Heritage Park Blvd., Suite 200             ____ Overnight Mail
Layton, Utah 84041                                  _X__ ECF



                                    /S/ William O. Kimball
                                    William O. Kimball