L. Miles LeBaron (#8982)
Jacob D. Briggs (#12041)
LeBaron & Jensen, P.C.
476 West Heritage Park Blvd., Suite 104
Layton, Utah 84041
Telephone: (801) 773-9488
Facsimile: (801) 773-9489

*Attorneys for Defendants*

## IN THE UNITED STATES DISTRICT COURT
## IN AND FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CC&H ENTERPRISES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> EMMETT WARREN, LLC, JOHN LISH, RYAN WILDE, AND JOHN DOES 1-5, <br><br> Defendant. | DEFENDANT RYAN WILDE RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR INTERROGATORIES TO RYAN WILDE <br><br><br> Case No.  2:09cv00272 <br><br> Honorable Bruce S. Jenkins |

Comes Now the Ryan Wilde, and hereby respond to Plaintiff's First

Request for Interrogatories as follows:

### GENERAL OBJECTIONS

1.    Defendant objects to the discovery requests to the extent that

they, or any of them, seek information that is neither relevant nor

reasonably calculated to lead to the discovery of admissible evidence relevant to the subject matter of this action.

2.      Defendant objects to the discovery requests to the extent that they, or any of them, seek the identity of "each," or "any," or "all" person(s) or document(s) on the ground that they are overbroad and unduly burdensome to the extent that they seek to impose burdens or responsibilities greater than those required under the Utah Rules of Civil Procedure.

3.      Defendant reserves the right to object to the admissibility of any of these responses at trial or at any other hearing or proceeding.

4.      Defendant objects to the discovery requests to the extent that it seeks information that is either equally available, or more easily available, to the party that propounded the discovery requests to Plaintiff.

5.      Defendant objects to the discovery requests to the extent that it seeks information or documents controlled or possessed by third parties, not under Defendant's control.  To the extent the information or documents requested are in the possession of a third party, it is more convenient, less burdensome and less expensive for Plaintiffs to seek discovery directly from that third party.

6.      Defendant objects to the discovery requests to the extent they seek to impose any requirements upon Defendant other than as required by

the Utah Rules of Civil Procedure, Orders entered in the above-captioned

case, or a stipulation of the parties regarding discovery.

7.    Defendant objects to the instructions and definitions set forth in

the discovery requests to the extent that they seek to impose upon

Defendant obligations different from those required by the applicable rules of

civil procedure.  Regardless of the definitions and instructions in the

discovery requests, Defendant will respond thereto in light of his obligations

under the applicable rules of procedure.

8.    Defendant's investigation of this matter is ongoing.  Accordingly,

Defendant reserves the right to supplement, modify, amend or revoke his

responses to the discovery requests if it becomes known or appears at any

time (i) that errors or omissions have been made, or (ii) that additional or

more accurate information becomes available.

9.    Defendant generally objects to each discovery request to the

extent that the request seeks information, the disclosure of which would

violate rights of privacy and other statutorily or judicially recognized

protections and privileges, confidentiality agreements, or court orders

restricting dissemination of information, or result in disclosure of materials

prepared in anticipation of litigation or confidential settlement discussions or

conduct.

10. Defendant do not in any manner waive or intend to waive, but

3

rather intend to preserve and is preserving, (1) all objections as to competency, relevancy, materiality, and admissibility; (2) all rights to object on the ground of the use of any of the responses herein or documents in any proceeding, motion, hearing, or the trial in this or any other action; and (3) all right to object on any ground to any further discovery or request involving or related to any of the discovery requests.

11. Defendant further objects to each discovery request to the extent the request calls for a legal conclusion. Defendant objects to each and every discovery request to the extent that it seeks information protected by the attorney-client privilege or work-product doctrine, including the joint-defense protection. Privileged information responsive to any discovery request is not provided. Defendant do not waive, but rather intend to preserve and is preserving, the attorney-client privilege, the work-product protection, and every other privilege or protection with respect to all information and each document protected by any of such privileges.

12. Defendant objects to each discovery request to the extent that a request asks for the disclosure of confidential business information, and further asserts each and every applicable privilege and rule governing confidentiality to the fullest extent.

A re-publication or statement in whole or in part of any one or more of the foregoing objections is not intended to waive and does not waive an

4

objection not otherwise stated.  All the foregoing objections apply to each

numbered response as if fully set forth herein, unless otherwise specified.

Subject to the foregoing general objections and qualifications, and to any

specific objection made below, Defendant respond as follows:

### REQUEST FOR INTERROGATORIES

**INTERROGATORY No.1:**    Identify when and how you informed Plaintiff

that you would not be selling the 179 acres to Plaintiff.

**RESPONSE TO No.1:**  Plaintiff's request is vague and does not allow an

accurate response; among other things, Plaintiff fails to give enough

information to properly identify the "179 acres."  Subject to the foregoing,

Defendant recalls telephoning Philip Oldridge upon learning that the

purchase by Emmett Warren, L.C. would not occur because access was not

available.  Plaintiff knew that sale could not take place until the subject

property was purchased by Emmett Warren, L.C.

**INTERROGATORY No.2:**    Identify how much money you personally

contributed to the purchase of the 179 acres.

**RESPONSE TO No.2:**  Plaintiff's request is vague and does not allow an

accurate response; among other things, Plaintiff fails to give enough

information to properly identify the "179 acres."  Subject to the foregoing,

the subject property was not purchased; therefore no money was

contributed.

**INTERROGATORY No.3:**    Identify all witnesses you intend to call at trial.

**RESPONSE TO No.3:** Defendant objects to this request as to calls for information not required by the discovery rules; Defendant will respond as required by the rules of civil procedure and this Court's orders; subject to the foregoing, Defendant may call Tami Brooke, Tim Shea, Philip Oldridge's office assistant, or Mark Bosco.

**INTERROGATORY No.4:**    Identify all exhibits you intend to introduce at trial.

**RESPONSE TO No.4:** Defendant objects to this request as to calls for information not required by the discovery rules; Defendant will respond as required by the rules of civil procedure and this Court's orders.

**INTERROGATORY No.5:**    Identify all individuals that have any knowledge regarding the facts in this case.

**RESPONSE TO No.5:** John Lish, Tami Brooke, Tim Shea, Philip Oldridge's office assistant, and Mark Bosco.

**INTERROGATORY No.6:**    Provide details regarding any conversations you had with Plaintiff or any representatives of Plaintiff regarding the 179 acres or the REPC between Emmett Warren and Plaintiff or its representatives.

**RESPONSE TO No.6:** Plaintiff's request is vague and does not allow an

6

accurate response; among other things, Plaintiff fails to give enough

information to properly identify the "179 acres" or the "REPC" referred to.

Subject to the foregoing, Defendant Ryan Wilde had multiple conversations

by telephone with Philip Oldridge, Tami Brooke, and/or the assistant of Philip

Oldridge; the main details regarding all such conversations was that Emmett

Warren, LLC did not currently own the property but as soon as it did, it

would sell the property to Plaintiff. Tami Brooke and Philip Oldridge and Mr.

Wilde also had an in-person conversation when Mr. Oldridge visited Utah.

During this conversation, it was discussed that entrance to the subject

property was not possible because it was not yet owned by Defendants. IT

was discussed that the current owner offered to fly Plaintiff and Defendants

over the property. Mr. Oldridge refused, stating that it was not necessary;

he was a pilot and flew his own plane to Utah that day.

**INTERROGATORY No.7:**     Detail why Emmett Warren withdrew from

the Real Estate Purchase Contract to purchase the 179 acres.

**RESPONSE TO No.7:** Plaintiff's request is vague and does not allow an

accurate response; among other things, Plaintiff fails to give enough

information to properly identify the "179 acres." Subject to the foregoing,

Emmett Warren, LLC was not able to gain access to the subject property and

therefore could not convey the subject property to Plaintiff.

**INTERROGATORY No.8:**     Detail your position with Emmett Warren and

7

your exact ownership now and in 2006.

**RESPONSE TO No.8:** Partner.

**INTERROGATORY No.9:**   Detail why Emmett Warren was named as the purchaser on the REPC.

**RESPONSE TO No.9:** Plaintiff's request is vague and does not allow an accurate response; among other things, Plaintiff fails to give enough information to properly identify the "REPC." Subject to the foregoing, Emmett Warren, LLC was the entity to which the subject property would be transferred if purchased by Defendants.

**INTERROGATORY No.10:**   Detail all "due diligence" that you personally performed on the 179 acres.

**RESPONSE TO No.10:** Plaintiff's request is vague and does not allow an accurate response; among other things, Plaintiff fails to give enough information to properly identify the "179 acres." Subject to the foregoing, Mr. Wilde climbed the fence and walked onto what was believed to be the subject property; Mr. Wilde also spoke with neighbors about the current owner.

**INTERROGATORY No.11:**   Detail how and when you came into contact with Plaintiff or its representatives regarding the purchase of the 179 acres.

**RESPONSE TO No.11:** Plaintiff's request is vague and does not allow an accurate response; among other things, Plaintiff fails to give enough

8

information to properly identify the "179 acres." Subject to the foregoing, Mr. Wilde was introduced to the Plaintiff by Tami Brooke.

**INTERROGATORY No.12:** Detail all "admissions against interest" that you are aware of in this case.

**RESPONSE TO No.12:** Defendant is not aware of admissions against interest in this case although discovery is ongoing.

**INTERROGATORY No.13:** Detail when, if ever, you held title to the 179 acres or any entity controlled by you.

**RESPONSE TO No.13:** Plaintiff's request is vague and does not allow an accurate response; among other things, Plaintiff fails to give enough information to properly identify the "179 acres." Subject to the foregoing, title to the subject property was never held by Mr. Wilde or any entity controlled by Mr. Wilde.

**INTERROGATORY No.14:** Detail all actions you took to sell the 179 acres.

**RESPONSE TO No.14:** Plaintiff's request is vague and does not allow an accurate response; among other things, Plaintiff fails to give enough information to properly identify the "179 acres." Subject to the foregoing, Mr. Wilde spoke with Tami Brooke and Philip Oldridge after being approached by Tami Brooke and Philip Oldridge.

**INTERROGATORY No.15:** Detail who represented you in the matter with Still Standing Stables and who is representing you in this matter.

9

**RESPONSE TO No.15:** Plaintiff's request is vague and does not allow an accurate response; among other things, Plaintiff fails to adequately identify what is meant by "the matter with Still Standing Stables" and "this matter." Subject to the foregoing, legal counsel in both cases referred to is LeBaron & Jensen, P.C.

**INTERROGATORY No.16:**   Detail why the REPC was not contingent on the purchase of the 179 acres.

**RESPONSE TO No.16:** Plaintiff's request is vague and does not allow an accurate response; among other things, Plaintiff fails to give enough information to properly identify the "REPC" or the "179 acres."  Subject to the foregoing, Defendant did not draft the REPC.

**INTERROGATORY No.17:**   In April of 2006, did you inform Plaintiff or any of Plaintiff's representatives that you thought the property did not have a right of access?

**RESPONSE TO No.17:** Defendant does not remember the exact date upon which Plaintiff was informed that the subject property was not believed to have a right of access; however, Defendant let Plaintiff know as soon as he knew.

**INTERROGATORY No.18:**   Detail all facts and evidence that support your Third Affirmative Defense in your Answer.

**RESPONSE TO No.18:** See responses to prior Interrogatories; Defendant

reserves the right to supplement this response as additional facts become available.

**INTERROGATORY No.19:**    Detail all facts and evidence that support your Fourth Affirmative Defense in your Answer.

**RESPONSE TO No.19:** See responses to prior Interrogatories; Defendant reserves the right to supplement this response as additional facts become available.

**INTERROGATORY No.20:**    Detail all facts and evidence that support your Fifth Affirmative Defense in your Answer.

**RESPONSE TO No.20:** See responses to prior Interrogatories; Defendant reserves the right to supplement this response as additional facts become available.

**INTERROGATORY No.21:**    Detail all facts and evidence that support your Sixth Affirmative Defense in your Answer.

**RESPONSE TO No.21:** See responses to prior Interrogatories; Defendant reserves the right to supplement this response as additional facts become available.

**INTERROGATORY No.22:**    Detail all facts and evidence that support your Seventh Affirmative Defense in your Answer.

**RESPONSE TO No.21:** See responses to prior Interrogatories; Defendant reserves the right to supplement this response as additional facts become

available.

   I declare, pursuant to Utah Code Ann. § 78B-5-705, under criminal

penalty of the State of Utah, that the foregoing is true and correct.

EXECUTED ON May 26, 2010.

                                         Ryan Wilde

APPROVED AS TO FORM:
LeBaron & Jensen, P.C.

Jacob D. Briggs
Attorney for Defendant

12