L. Miles LeBaron (#8982)
Jacob D. Briggs (#12041)
LeBaron & Jensen, P.C.
476 West Heritage Park Blvd., Suite 104
Layton, Utah 84041
Telephone: (801) 773-9488
Facsimile: (801) 773-9489

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CC&H ENTERPRISES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> EMMETT WARREN, LLC, JOHN LISH, RYAN WILDE, AND JOHN DOES 1-5, <br><br> Defendant. | DEFENDANT RYAN WILDE RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO RYAN WILDE <br><br> Case No.  2:09cv00272 <br><br> Honorable Bruce S. Jenkins |

Comes Now the Ryan Wilde, and hereby respond to Plaintiff's First Request for Admissions as follows:

**GENERAL OBJECTIONS**

1.     Defendant objects to the discovery requests to the extent that they, or any of them, seek information that is neither relevant nor

1

reasonably calculated to lead to the discovery of admissible evidence relevant to the subject matter of this action.

2.  Defendant objects to the discovery requests to the extent that they, or any of them, seek the identity of "each," or "any," or "all" person(s) or document(s) on the ground that they are overbroad and unduly burdensome to the extent that they seek to impose burdens or responsibilities greater than those required under the Utah Rules of Civil Procedure.

3.  Defendant reserves the right to object to the admissibility of any of these responses at trial or at any other hearing or proceeding.

4.  Defendant objects to the discovery requests to the extent that it seeks information that is either equally available, or more easily available, to the party that propounded the discovery requests to Plaintiff.

5.  Defendant objects to the discovery requests to the extent that it seeks information or documents controlled or possessed by third parties, not under Defendant's control. To the extent the information or documents requested are in the possession of a third party, it is more convenient, less burdensome and less expensive for Plaintiffs to seek discovery directly from that third party.

6.  Defendant objects to the discovery requests to the extent they seek to impose any requirements upon Defendant other than as required by

the Utah Rules of Civil Procedure, Orders entered in the above-captioned case, or a stipulation of the parties regarding discovery.

7.  Defendant objects to the instructions and definitions set forth in the discovery requests to the extent that they seek to impose upon Defendant obligations different from those required by the applicable rules of civil procedure. Regardless of the definitions and instructions in the discovery requests, Defendant will respond thereto in light of his obligations under the applicable rules of procedure.

8.  Defendant's investigation of this matter is ongoing. Accordingly, Defendant reserves the right to supplement, modify, amend or revoke his responses to the discovery requests if it becomes known or appears at any time (i) that errors or omissions have been made, or (ii) that additional or more accurate information becomes available.

9.  Defendant generally objects to each discovery request to the extent that the request seeks information, the disclosure of which would violate rights of privacy and other statutorily or judicially recognized protections and privileges, confidentiality agreements, or court orders restricting dissemination of information, or result in disclosure of materials prepared in anticipation of litigation or confidential settlement discussions or conduct.

10. Defendant do not in any manner waive or intend to waive, but

3

rather intend to preserve and is preserving, (1) all objections as to competency, relevancy, materiality, and admissibility; (2) all rights to object on the ground of the use of any of the responses herein or documents in any proceeding, motion, hearing, or the trial in this or any other action; and (3) all right to object on any ground to any further discovery or request involving or related to any of the discovery requests.

11. Defendant further objects to each discovery request to the extent the request calls for a legal conclusion. Defendant objects to each and every discovery request to the extent that it seeks information protected by the attorney-client privilege or work-product doctrine, including the joint-defense protection. Privileged information responsive to any discovery request is not provided. Defendant do not waive, but rather intend to preserve and is preserving, the attorney-client privilege, the work-product protection, and every other privilege or protection with respect to all information and each document protected by any of such privileges.

12. Defendant objects to each discovery request to the extent that a request asks for the disclosure of confidential business information, and further asserts each and every applicable privilege and rule governing confidentiality to the fullest extent.

A re-publication or statement in whole or in part of any one or more of the foregoing objections is not intended to waive and does not waive an

4

objection not otherwise stated. All the foregoing objections apply to each numbered response as if fully set forth herein, unless otherwise specified. Subject to the foregoing general objections and qualifications, and to any specific objection made below, Defendant respond as follows:

## REQUEST FOR ADMISSIONS

**REQUEST No.1:** Admit that John Lish, on behalf of Emmett Warren, L.C., executed a Real Estate Purchase Contract on April 4, 2006.

**RESPONSE TO No.1:** Plaintiff's request is vague and does not allow an accurate response; among other things, Plaintiff fails to give enough information to properly identify the "Real Estate Purchase Contract" or to identify the parties to the "Real Estate Purchase Contract." The request is therefore denied.

**REQUEST No.2:** Admit that the closing date set in the REPC was June 15, 2006.

**RESPONSE TO No.2:** Plaintiff's request is vague and does not allow an accurate response; among other things, Plaintiff fails to give enough information to properly identify the "Real Estate Purchase Contract." The request is therefore denied.

**REQUEST No.3:** Admit that you did not close on the 179 acres with Philip Oldridge on or about June 15, 2006.

**RESPONSE TO No.3:** Plaintiff's request is vague and does not allow an

accurate response; among other things, Plaintiff fails to give enough information to properly identify the "179 acres" in question. Subject to the foregoing, there was no transaction closed between Defendants and Philip Oldridge on or about June 15, 2006, but Defendants deny that the failure to close was due to any fault of Defendants.

**REQUEST No.4:** Admit that you did not sell the 179 acres to Philip Oldridge or any assigns in May or June 2006.

**RESPONSE TO No.4:** Plaintiff's request is vague and does not allow an accurate response; among other things, Plaintiff fails to give enough information to properly identify the "179 acres" in question. Subject to the foregoing, no sale occurred between Defendants and Phillip Oldridge or any assigns in May or June 2006, but Defendants deny that the nonoccurrence of the sale was due to any fault of Defendants.

**REQUEST No.5:** Admit that you never owned the 179 acres described in the Real Estate Purchase contract dated April 4, 2006.

**RESPONSE TO No.5:** Plaintiff's request is vague and does not allow an accurate response; among other things, Plaintiff fails to give enough information to properly identify the "179 acres" in question or the "Real Estate Purchase Contract" referred to. The request is therefore denied.

**REQUEST No.6:** Admit that you refunded $100,000 to Philip Oldridge and/or assigns in approximately May of 2006.

**RESPONSE TO No.6:** Respondents are aware that $100,000 was refunded but deny any additional admission requested.

**REQUEST No.7:** Admit that you did not pay Philip Oldridge and/or assigns $100,000 for damages resulting from a breach of the April 4, 2006, contract as provided in paragraph 16 of the Real Estate Purchase Contract.

**RESPONSE TO No.7:** Plaintiff's request is vague and does not allow an accurate response; among other things, Plaintiff fails to give enough information to properly identify the "Real Estate Purchase Contract" and "paragraph 16" identified. Subject to the foregoing, Defendants did not pay $100,000 to Philip Oldridge and/or assigns. No breach of contract occurred and no damages were incurred by Plaintiff.

**REQUEST No.8:** Admit that the contract between Philip Oldridge or assigns and Emmett Warren was not contingent on the purchase of the 179 acres from another party.

**RESPONSE TO No.8:** Plaintiff's request is vague and does not allow an accurate response; among other things, Plaintiff fails to give enough information to properly identify the "contract" in question. The request is therefore denied.

**REQUEST No.9:** Admit that in approximately May of 2006, you canceled the Real Estate Purchase contract dated April 4, 2006.

**RESPONSE TO No.9:** Plaintiff's request is vague and does not allow an

accurate response; among other things, Plaintiff fails to give enough information to properly identify the "Real Estate Purchase Contract" in question. The request is therefore denied.

**REQUEST No.10:** Admit that you breached the contract between Philip Oldridge or assigns and Emmett Warren by not selling the 179 acres to Philip Oldridge or assigns.

**RESPONSE TO No.10:** Plaintiff's request is vague and does not allow an accurate response; among other things, Plaintiff fails to give enough information to properly identify the "contract" in question. Subject to the foregoing, Emmett Warren, L.C. denies that it breached any contract between Philip Oldridge or assigns and Emmett Warren, L.C.

**REQUEST No.11:** Admit that prior to cancelling the April 4, 2006 contract, you never owned the 179 acres described in the April 4, 2006, contract.

**RESPONSE TO No.11:** Plaintiff's request is vague and does not allow an accurate response; among other things, Plaintiff fails to give enough information to properly identify the "179 acres" in question or the "contract" referred to. The request is therefore denied.

**REQUEST No.12:** Admit that as a result of your breach of the April 4, 2006, contract, Plaintiff has incurred damages against you in at least the amount of $100,000.00.

8

**RESPONSE TO No.12:** Deny.

**REQUEST No.13:** Admit that you never personally owned the 179 acres described in the April 4, 2006, contract.

**RESPONSE TO No.13:** Plaintiff's request is vague and does not allow an accurate response; among other things, Plaintiff fails to give enough information to properly identify the "179 acres" in question or the "contract" referred to. The request is therefore denied.

**REQUEST No.14:** Admit that John Lish never personally owned the 179 acres described in the April 4, 2006, contract

**RESPONSE TO No.14:** Plaintiff's request is vague and does not allow an accurate response; among other things, Plaintiff fails to give enough information to properly identify the "179 acres" in question or the "contract" referred to. The request is therefore denied.

**REQUEST No.15:** Admit that John Lish fraudulently misrepresented to Philip Oldridge that he or his entity owned the 179 acres.

**RESPONSE TO No.15:** Plaintiff's request is vague and does not allow an accurate response; among other things, Plaintiff fails to give enough information to properly identify the "179 acres" in question. Subject to the foregoing, Defendants deny the request. Mr. Wilde, on behalf of Emmett Warren, L.C., accurately represented to Plaintiff and/or Plaintiff's agents the ownership status of any and all properties discussed between Mr. Wilde and

Plaintiff and/or Plaintiff's agents.

**REQUEST No.16:** Admit that you fraudulently misrepresented that you owned the 179 acres described in the April 4, 2006, contract.

**RESPONSE TO No.16:** Plaintiff's request is vague and does not allow an accurate response; among other things, Plaintiff fails to give enough information to properly identify the "179 acres" in question. Subject to the foregoing, Defendants deny the request. Mr. Wilde, on behalf of Emmett Warren, L.C., accurately represented to Plaintiff and/or Plaintiff's agents the ownership status of any and all properties discussed between Mr. Wilde and Plaintiff and/or Plaintiff's agents.

**REQUEST No.17:** Admit that you are a Utah Licensed Attorney.

**RESPONSE TO No.17:** Admit.

**REQUEST No.18:** Admit that Emmett Warren has had no assets from 2006 to the present.

**RESPONSE TO No.18:** Deny.

**REQUEST No.19:** Admit that you have worked on business deals with Mr. Lish for the last several years.

**RESPONSE TO No.19:** Admit.

**REQUEST No.20:** Admit that you have worked on business deals with Mr. Lish for the last several years.

**RESPONSE TO No.20:** Admit.

**REQUEST No.21:** Admit that you are generally familiar with the boilerplate Real Estate Purchase Contract.

**RESPONSE TO No.21:** Plaintiff's request is vague and does not allow an accurate response; among other things, Plaintiff fails to give enough information to properly identify such "boilerplate Real Estate Purchase Contract." Defendant therefore denies.

**REQUEST No.22:** Admit that Tim Shea represented the Seller in the transaction involving the 179 acres.

**RESPONSE TO No.22:** Plaintiff's request is vague and does not allow an accurate response; among other things, Plaintiff fails to give enough information to properly identify the "Seller," the "transaction" involved, or the "179 acres." Defendant therefore denies.

**REQUEST No.23:** Admit that you have never personally spoken with Philip Oldridge.

**RESPONSE TO No.23:** Deny.

**REQUEST No.24:** Admit that you never paid Tim Shea a commission relating to the sale of the 179 acres.

**RESPONSE TO No.24:** Plaintiff's request is vague and does not allow an accurate response; among other things, Plaintiff fails to give enough information to properly identify the "sale of the 179 acres." Subject to the foregoing, Defendant admits that Tim Shea was not paid a commission by

11

Defendants.

**REQUEST No.25:** Admit that Emmett Warren signed two separate REPC's relating to the purchase of the 179 acres.

**RESPONSE TO No.25:** Plaintiff's request is vague and does not allow an accurate response; among other things, Plaintiff fails to give enough information to properly identify the "REPC's" or the "179 acres" referred to. The request is therefore denied.

**REQUEST No.26:** Admit that the first REPC was signed in January of 2006.

**RESPONSE TO No.26:** Plaintiff's request is vague and does not allow an accurate response; among other things, Plaintiff fails to give enough information to properly identify "the first REPC" referred to. The request is therefore denied.

**REQUEST No.27:** Admit that the second REPC was signed in February of 2006.

**RESPONSE TO No.27:** Plaintiff's request is vague and does not allow an accurate response; among other things, Plaintiff fails to give enough information to properly identify "the second REPC" referred to. The request is therefore denied.

**REQUEST No.28:** Admit that there was a right-of-way to the 179 acres.

**RESPONSE TO No.28:** Deny. This matter has been resolved through separate litigation.

**REQUEST No.29:** Admit that when you hired Mr. LeBaron to research the easement issue relating to the 179 acres, you hired him as a Title Agent, not an attorney.

**RESPONSE TO No.29:** Deny.

**REQUEST No.30:** Admit that Tim Shea never gave you or Emmett Warren the Still Standing Stables vs. Allen case.

**RESPONSE TO No.30:** Plaintiff's request is vague and is not capable of accurate response, namely, it is not possible to determine what is meant by "gave" when referencing a litigation matter. Defendant therefore denies.

**REQUEST No.31:** Admit that you personally never disclosed the STILL Standing Stables v. Allen case to the Plaintiff or its representatives.

**RESPONSE TO No.31:** Deny.

**REQUEST No.32:** Admit that prior to your withdrawal from the contract with Plaintiff, you never told Plaintiff there was an access issue with the real property.

**RESPONSE TO No.32:** Deny.

**REQUEST No.33:** Admit that you did not communicate with Tim Shea regarding the sale of the 179 acres.

**RESPONSE TO No.33:** Deny.

REQUEST No.34: Admit that on or before April 21, 2006, you did not disclose to the Plaintiff or Plaintiff's agent that you did not have title of the 179 acres.

RESPONSE TO No.34  Deny.

REQUEST No.35: Admit that you are a licensed title agent.

RESPONSE TO No.35: Deny.

I declare, pursuant to Utah Code Ann. § 78B-5-705, under criminal penalty of the State of Utah, that the foregoing is true and correct.

EXECUTED ON May 26, 2010.

Ryan Wilde

APPROVED AS TO FORM:
LeBaron & Jensen, P.C.

Jacob D. Briggs
Attorney for Defendant

14